## THE STATE *v.* MANON BROCKWELL.

1. BILL OF EXCEPTIONS. *Mandamus to compel judge to sign.* To authorize a *mandamus* to compel a circuit judge to sign a bill of exceptions, a clear abuse of his discretion must appear.

2. SAME. *Refusal to continue to allow filing of. When it is error.* Before a judge can be put in error for refusing to continue his court in session in order to allow a defendant to present his bill of exceptions, application should be made in due form showing that proper diligence has been exercised, and that, for sufficient reasons, the bill of exceptions has not been completed; this so in order that what has been done may appear of record, from which it may be seen whether there has been an abuse of discretion.

### FROM HENRY.

Appeal in error from the Circuit Court of Henry county. CLINTON ADEN, J.

ATTORNEY-GENERAL LEA for the State.

FITZGERALD WILLIAMS and ALEX. W. CAMPBELL. for Brockwell.

COOKE, J., delivered the opinion of the court.

This is an application for a writ of *mandamus* to compel his Honor, Judge Aden, of the Twelfth judicial circuit, to sign a bill of exceptions in the above stated case. Brockwell was indicted and convicted in the circuit court of Henry county, of murder in the first degree, with mitigating circumstances, and sentenced to the penitentiary for life. He prayed an appeal to this court which was granted, but no bill of exceptions.

was signed or presented to his Honor during the term of the court. After the final adjournment of the court to its next regular term, a bill of exceptions, which is admitted by the attorney-general to be correct, was made out and presented to his Honor, which he refused to sign, as stated in the petition, for the reason that he considered that he did not have any authority or jurisdiction to do so out of term time. The case made by the petition, which is sworn to by both the defendant, Brockwell, and his counsel, is this: He states that his motion for a new trial was overruled, and an appeal granted him to this court, on Wednesday, October 14, 1885, and that the court was adjourned to the next regular term early in the afternoon of Friday, the 16th of said month; that early in the morning of the next day, after his appeal was granted, his only attorney was taken sick and continued so during that day and night, being too sick to leave his bed or to prepare a bill of exceptions; that upon the next morning, at an early hour, his attorney saw the attorney representing the State, in the absence of the regular attorney-general, and told him that, owing to his illness, he had not made out the bill of exceptions, and that it would take him all that day and until late at night to write it, and that he would have it ready by eight o'clock the next morning, and requested him to so inform the judge, and ask that, in case that all other business should be disposed of that day, he would hold the court open until next morning; and that said State's attorney did as requested, stating the reason why the bill of

exceptions had not been prepared, and could not be prepared sooner; and that said judge notwithstanding refused to hold his court open, but early in the afternoon adjourned the same, as before stated; that said judge resided in Paris, the county site of said county, and his presence was not required at any other court until the next Monday; and that he remained in Paris until Saturday, when the bill of exceptions was presented to him, which he refused to sign. It is proper, however, to remark that, although the petition states that the motion for a new trial was overruled and appeal granted on the 14th, the certified transcript of the record which accompanies the petition shows it to have been on the 10th of October.

This court has often held, that a bill of exceptions to become part of the record, must be made up and signed by the judge at the term in which the trial is had: 4 Heis., 273; 5 Heis., 75; 6 Cold., 34; 1 Heis., 280, 321; 2 Swan, 79; 3 Lea, 747. It has also been uniformly held, that this court has the power, when a judge of an inferior court refuses to sign a bill of exceptions, to award a writ of *mandamus* to compel the judge to show cause why he has not performed an act he was bound by law to do: 3 Cold., 259; 1 Heis., 248; 5 Hum., 235; 2 Leg. Rep., 62. But to authorize a *mandamus* to compel a circuit judge to sign a bill of exceptions, a clear abuse of his discretion must appear: *Galloway* v. *Fleming*, 2 Leg. Rep., 62. In the case last cited the petition alleged, that the trial lasted eight or nine days, and that the verdict was rendered at five o'clock.

on August 1st; and that the court adjourned at seven o'clock next morning, and refused to continue the term to enable the counsel for defendants to make out a bill of exceptions; and that it was impossible to make out a bill of exceptions after five o'clock, and before seven o'clock the next morning. But in that cause the court said, notwithstanding the statement in the petition that the bill of exceptions could not be prepared before the adjournment of the court, they were of opinion from the bill itself as made out that it might have been prepared before the adjournment of the court, and it did not appear that any effort was made to prepare a bill of exceptions; and that a clear case of the abuse of the discretion of the court was not made out, and the writ was refused. That, we think, was a much stronger case than the one under consideration. In this case, two days at least elapsed after final judgment was rendered, and while the petition states that the attorney was sick one day and night it does not show, or pretend to show, that he attempted to make out a bill of exceptions during the time the court was in session while he was not sick. He did not even go before the court to make his application to be allowed time to make a bill of exceptions, or present, any fact by affidavit or otherwise, to the court why he had not made out the same, or enter any motion before the court to be premitted further time to make it out, or invoke any action of the court upon such motion, but a mere informal request to the judge was entrusted to the attorney of the opposite side to be delivered to him, and, although the

petition states this was done, there is nothing to show how, in what manner, or when it was done, and no notice whatever of it is taken upon the record. The bill of exceptions as made out, and which accompanies this petition, contains less than twenty pages of legal cap paper, and we are of opinion there was time to make it out after the appeal, and before the court adjourned, not including the time while the defendant's attorney was sick. And if this were not so, there is nothing to show that any application for further time was made which the court was bound to notice, and we think that before the court can be put in error for refusing to continue his court in session, the defendant should have made his application in due form, predicated upon a sufficient showing that he had exercised proper diligence in preparing a bill of exceptions, and had, for sufficient reasons, been unable to complete it, and invoked the action of the court upon it, so that what was done might have appeared of record, from which it might have been seen whether or not there had been an abuse of the discretion of the court.

There being nothing contained in the record or in the averments of the petition to put the court in error in adjourning his court when he did under the class of decisions first above referred to, he had no authority to sign said bill of exceptions when tendered after the adjournment, or power to make it a part of the record. The application must, therefore, be refused.